"O"   JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 08-622 AG (ANx) | | Date | August 27, 2008 |
|---|---|---|---|---|
| Title | ADAM JUNG, D.D.S. v. PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, ET AL. | | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **ORDER REMANDING REMOVED ACTION TO STATE COURT**

On June 11, 2008, the Court issued an Order to Show Cause Why Action Should Not be Removed to Federal Court ("Order").  After considering all arguments presented by the parties, the Court ORDERS the action remanded to Orange County Superior Court.

## BACKGROUND

In 1997, an employee of Chisholm & Josselon ("Defendant Chisolm") contacted Plaintiff to purchase overhead expense disability coverage from Provident Life and Accident Insurance Company ("Defendant Provident"). (Complaint ¶ 4.) Defendant Chisholm's employee informed Plaintiff that under the policy, if Plaintiff became totally disabled, Defendant Provident would pay him a maximum of about $10,000/month for two years.  (*Id.*)  Plaintiff claims Defendants did not tell him he would have to continue working to receive the benefits.  (*Id.*)  In 2005, Plaintiff became disabled and no longer could work.  (*Id.* ¶ 7.)  In 2006, Defendant Provident denied Plaintiff's claim because he was no longer working.  (*Id.*)  In 2008, Plaintiff brought suit in the Orange County Superior Court against Defendant Provident for deceit, fraud, and breach of the covenant of good faith and fair dealing.  Plaintiff also brought suit against Defendant Chisholm, a citizen of California, for negligently misrepresenting the nature of the overhead expense policy, leading Plaintiff to take out the policy based on a false understanding of the protections it offered.  (*Id.* ¶¶ 14-16.)  Defendant Provident removed the pending action to this Court alleging that Defendant Chisholm was a sham defendant.

**"O"**     JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-622 AG (ANx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | ADAM JUNG, D.D.S. v. PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, ET AL. | | |

## LEGAL STANDARD

Because federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co of America*, 511 U.S. 375, 377 (1994), this Court carefully reviews attempts to remove. Removal to federal court is governed by 28 U.S.C. § 1441, and suits filed in state court may be removed only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A defendant can remove a state court action to federal court on the basis of diversity if there is complete diversity between the parties and no defendant is a citizen of the forum state. 28 U.S.C. § 1441(b); *Strawbridge v. Curtiss*, 3 Cranch 267 (1806); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 n.6 (2005).

When a case is removed on the basis of diversity jurisdiction, diversity must exist both at the time the complaint was filed, *Stock West Corp. v. Taylor*, 964 F.2d 912, 917 (9th Cir. 1992), and at the time the removal petition was filed. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985); *see also Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). The party seeking removal bears the burden of proving the existence of diversity jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921)). Any doubts as to the right of removal must be resolved in favor of remanding the action to state court. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## ANALYSIS

In this case, the issue is whether Defendant Chisholm is a fraudulently joined defendant. In the Complaint, Defendant Provident contends that Plaintiff's allegations "are insufficient to demonstrate that [Defendant Chisholm] is anything more than a sham defendant." Further, Defendant Provident claims that an agent acting on behalf of a disclosed principal is immune from liability except in the case of a "special long-term" relationship, and that such a relationship does not exist here. Defendant Provident urges that the Court therefore disregard Defendant Chisholm's California citizenship for purposes of diversity jurisdiction under § 1441(b). The Court disagrees with Defendant Provident on both counts. The Court finds that

"O"  JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-622 AG (ANx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | ADAM JUNG, D.D.S. v. PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, ET AL. | | |

Defendant Chisholm is a proper defendant that destroys diversity.

## DISPOSITION

The Court finds that Defendant Chisolm is not a fraudulently joined defendant, and diversity jurisdiction under 28 U.S.C. § 1332 cannot be established. The Court ORDERS the action remanded to Orange County Superior Court.

If a defect exists in the present claim against Chisholm, it appears it can be cured by amendment. Such amendment can properly defeat diversity. *Littlefield v. Continental Casualty Co.,* 475 F. Supp. 887, 890 (C.D. Cal. 1979) (holding that a plaintiff could amend a complaint to include previously-unidentified Doe defendants who destroyed diversity and caused remand).

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |